**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:08-CR-059 |
| | § | |
| JUSTIN RAY MELVIN (6) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on November 28, 2017, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by G. R. Jackson.

Justin Ray Melvin was sentenced on February 11, 2009, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offenses of Count 1: Conspiracy to Distribute or Possess with Intent to Distribute or Dispense 3,4- Methylenedioxy-methamphetamine ("Ecstasy"), Methamphetamine, and Gamma Hydroxybutyrate ("GHB"), a Class B felony and Count 3: Carrying or Possession of a Firearm During, in Relation to and in Furtherance of a Drug Trafficking Crime, a Class A felony. Count 1 carried a statutory maximum imprisonment term of 40 years, and Count 3 carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of V, for Count 1 was 120 to 150 months and 60 months for Count 3. Justin Ray Melvin was subsequently sentenced to 73 months on Count 1 and 60 months on Count 3, to be served consecutively for a total sentence of 133 months. The sentence is subject to the standard conditions of release, plus special conditions to include financial disclosure, mental health treatment, and drug

testing and treatment. On March 31, 2015, The Honorable Marcia A. Crone reduced Defendant Melvin's sentence to 121 months: 61 months on Count 1, and 60 months on Count 3, to run consecutively for a total of 121 months. On January 27, 2017, Justin Ray Melvin completed his period of imprisonment and began service of the supervision term in the Northern District of Texas.

On November 15, 2017, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt.663 Sealed]. The Petition asserted that Defendant violated three (3) conditions of supervision, as follows: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon; and (3) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

The Petition alleges that Defendant committed the following acts: (1) and (2) On November 12, 2017, Justin Ray Melvin attempted to cut the victim (JM) with a knife and when he threw part of a baseball, a blunt object used as a deadly weapon, striking the victim (AQ) on the face, as evidenced by his arrest by officers of the Plano Police Department, in Plano, Texas, for two (2) counts of Aggravated Assault With Deadly Weapon, a Second Degree felony, in violation of the Texas Penal Code § 22.02(a)(2). On November 14, 2017, a $10,000 bond was set for each charge. Furthermore, on November 12, 2017, Justin Melvin placed his hands around the victim's (BT) throat and squeezed thus cutting off her breathing/circulation, as evidenced by his arrest by officers of the Plano Police Department, in Plano, Texas, for Assault Family Violence- Impede Breath/Circulation, a Third Degree felony, in violation of the Texas Penal Code § 22.01(b)(2)(B). On November 14, 2017, a $5,000 bond was set. Justin Melvin posted bond on November 14, 2017; and (3) On November 12, 2017, Justin Melvin associated with (BT), a convicted felon who is

currently under supervision in the Eastern District of Texas for Conspiracy to Distribute a Controlled Substance.

At hearing, Defendant entered a plea of not true to the three (3) allegations against him in the Petition [Dkt.663 Sealed]. The Court heard testimony from United States Probation Officer Roshonda Guest in support of the Government's allegations. Ms. Guest testified that the Defendant was arrested by the Plano Police Department for two (2) counts of Aggravated Assault with a Deadly Weapon and Assault Family Violence – Impede Breath/Circulation. These charges are currently pending in Collin County, Texas. Officer Guest testified that Defendant Melvin also associated with (BT), a convicted felon. Officer Guest further testified that Defendant Melvin was enrolled in mental health counseling in February 2017 and was discharged from mental health counseling on April 1, 2017, and that from January 25, 2017 to November 1, 2017, Defendant Melvin participated in substance abuse treatment. Testimony revealed that Defendant Melvin received a successful discharge and has not submitted a positive urinalysis.

The Court, having considered the testimony of the witness concludes that probable cause exists to proceed to final hearing.

Having considered the totality of the evidence and testimony presented, the Court further finds that there is sufficient evidence before it, under a preponderance of the evidence standard, to find the Defendant has violated his supervised release, specifically allegation three (3) [Standard 9], and Defendant's supervised release should be revoked. Accordingly, the Court recommends to the District Court that Defendant be sentenced to an additional thirty-seven (37) months of imprisonment with a term of supervised release to follow of five (5) years.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of thirty-seven (37) months, with a term of supervised release of five (5) years.

The Court also recommends that Defendant be housed in a facility where Defendant Melvin can participate in any combination of psychiatric, psychological, or mental health treatment programs, preferably in the North Texas area, if appropriate.

**SIGNED this 28th day of November, 2017.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE